IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CASE NO. 1:CR-09-022-01**
:
**v.** :
:
**SEAN McMILLAN** :

## **M E M O R A N D U M**

Before the court is Defendant's motion for post-conviction relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  In his motion, Defendant requests this court to order the discovery that he claims the Government did not produce pre-trial.  He also claims that his attorney failed to request this material in a timely manner.

Defendant acknowledges in his motion that he is time-barred from proceeding pursuant to 28 U.S.C. § 2255.  He therefore claims that he can seek relief through Federal Rule of Civil Procedure 60(b)(6) or the common law writ of *audita querela*.

In an unpublished opinion of *Robinson v. Sniezek*, No. 10-3095 (3d Cir., November 12, 2010), the court held that "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case." (*Id.* at p. 5 n.2.)  Additionally, in *Massy v. United States*, No. 09-1665 (3d Cir., September 11, 2009), the court held that "a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence."  A section 2255 motion is only inadequate or ineffective because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing

and adjudication of a claim; not the personal inability to use it. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

Nor is the writ of audita querela available to him. In *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), the court held that relief cannot be sought via a petition for a writ of audita querela because a petitioner is unable to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996. The proper avenue of relief is 28 U.S.C. § 2255.

It is Defendant's fault that he did not use the remedy open to him. This court is without jurisdiction to entertain his motion. An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: September 21, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CASE NO. 1:CR-09-022-01**
:
**v.**     :
:
**SEAN McMILLAN**     :

## O R D E R

In accordance with the accompanying memorandum, IT IS HEREBY ORDERED THAT:

1) The motion for post conviction relief (doc. 120) is dismissed.

2) This court declines to issue a certificate of appealability.

3) This case remains closed.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: September 21, 2011.